IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
At CHATTANOOGA

| | |
|---|---|
| MABEL CARPENTER, on behalf of herself ) <br> and all other similarly situated employees ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HIGDON COMPANIES, INC. d/b/a ) <br> ACUITY STAFFING and 5 STAR HOME ) <br> CARE SERVICES and KENNY ) <br> HIGDON, individually, and MELISSA ) <br> STANSBURY, individually ) <br> ) <br> Defendants. ) | No: 1:15-cv-0076-TRM-CHS <br><br> Judges McDonough/Steger |

## REPORT and RECOMMENDATION

This matter is before the Court upon the parties' Joint Motion to Approve Settlement Agreement [Doc. 49] and accompanying Memorandum [Doc. 50]. The undersigned, having reviewed the Motion and Memorandum, RECOMMENDS that the parties' motion be GRANTED for the following reasons:

1. The Court conditionally certified this case as a 29 U.S.C. §216(b) collective action [Doc. 29], but Plaintiff had not yet sent court-approved Notice and Consent forms to other potentially similarly-situated employees when the parties reached a settlement. Consequently, no other employees affirmatively opted-in to this FLSA collective action. For that reason, the proposed settlement will not preclude or otherwise prejudice the rights of any other potentially similarly-situated employees to assert claims against Defendants herein.

1

2. The parties reached a mutually agreed-to resolution that represents a good faith estimate of the amount owed to Plaintiff in back pay, plus liquidated damages that she may have received had this case proceeded to trial. Defendants also agreed to pay an additional amount in attorney fees and costs. The agreed-upon terms and conditions of settlement of this litigation arising under the Fair Labor Standards Act, as set forth in the Settlement Agreement, represent a fair and reasonable compromise of issues that were actually in dispute.

3. The settlement of this litigation was achieved in an adversarial context, through good faith negotiations, with the assistance of an experienced mediator, H. Richard Marcus.

4. The parties have been represented by competent and experienced counsel throughout all negotiations, and the Settlement Agreement is made with the consent and advice of counsel who jointly prepared the Settlement Agreement.

5. The Settlement Agreement is fair and should be approved under the applicable legal standards. It arises from extensive arm's length negotiations between counsel for the parties after sufficient formal and informal discovery and investigation necessary to evaluate all claims.

It is therefore **RECOMMENDED**[1] that the parties' Joint Motion to Approve Settlement Agreement [Doc. 49] be **GRANTED** in all respects and that an order enter **DISMISSING** this case with prejudice, with each party to bear its costs.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir.

**ENTER.**

                                                s/Christopher H. Steger
                                                UNITED STATES MAGISTRATE JUDGE

---

1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).